UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-04-DCR |
| V. | ) | |
| DONNIE BARRETT, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Donnie Barrett has filed a motion seeking appointment of counsel to assist him with matters related to a possible two-level reduction to his original guideline calculation under recent amendments to the United States Sentencing Guidelines. [Record No. 76] With respect to this request, the Court notes that there is no constitutional right either to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). Section 3582(c)(2) simply provides "a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel."

*Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted.

Where, as here, the record and information available to the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be a unnecessary and a waste of resources. Accordingly, it is hereby

**ORDERED** that Defendant Barrett's motion requesting appointment of counsel [Record No. 76] is **DENIED**.

This 17th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge